936 F.2d 632
 UNITED STATES of America, Plaintiff, Appellee,
v.
ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES
AND IMPROVEMENTS KNOWN AS 190 COLEBROOK ROAD,
LOCATED IN the TOWN OF LITTLE COMPTON,
RHODE ISLAND, Defendant, Appellee.
Albert P. Lewis and Carol L. Lewis, Appellants.
 No. 91-1196.
 United States Court of Appeals,
First Circuit.
 Heard June 4, 1991.
Decided June 21, 1991.
 
 Kathleen Managhan with whom Corcoran, Peckham & Hayes, P.C., was on brief, for appellants.
 Michael P. Iannotti, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., was on brief, for appellee.
 Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and STAHL,* District Judge.
 PER CURIAM.
 
 
 1
 As the Supreme Court has repeatedly held, Article III of the Constitution permits a court to adjudicate a controversy only if a party has "standing." See, e.g., Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). And, to have standing, a party must
 
 
 2
 show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.
 
 
 3
 Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (citations and quotations omitted). On April 4, 1989, the appellants were the record owners of a house and lot in Little Compton, Rhode Island. On the basis of a tip a search warrant for the appellants' premises was obtained and as a result of that search marijuana plants were found. On June 8, 1989, the United States seized the property. Approximately one month prior to that seizure the appellants quit-claimed the premises to John L. Lewis, Alfred's brother. Thus, if the forfeiture is invalid, John Lewis, not the appellants, is entitled to receive the property.
 
 
 4
 The appellants claim that the use of the property to grow marijuana, which gave rise to the forfeiture, invalidated the pre-forfeiture transfer of the property to Mr. Lewis. That is so, if and only if, the forfeiture is valid. But, if it is valid, the Government, not the appellants, is entitled to the property. We can find no plausible argument that appellants are entitled to the property in question. We could not "redress" the injury of which they complain. Consequently, they lack standing.
 
 
 5
 Appeal dismissed.
 
 
 
 *
 Of the District of New Hampshire, sitting by designation